**Gurpal Singh BANGA, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71375.

Agency No. A72–172–466.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 13, 2005.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Papu Sandhu, Thomas K. Ragland, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Gurpal Singh Banga, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

█ Substantial evidence supports the IJ's decision. Banga's testimony regarding his political involvement and injuries following his alleged persecution was both inconsistent and vague. *See Singh v. Ashcroft*, 367 F.3d 1139 (9th Cir.2004); *Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999). Banga has not shown that any of the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

█ Because Banga failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

█ Because Banga also failed to show that it was more likely than not that he would be tortured if deported to India, the IJ properly denied CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

